Goetz Platzer LLP
One Penn Plaza, 31st Floor
New York, New York 10119
Telephone: 212-695-8100
Fax: 212-629-4013
By: Gary M. Kushner, Esq.

***Proposed Attorneys for Debtor***

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| ENY EQUITY, LLC, | : | Case No. 26-40658 |
| Debtor. | : | |

**DECLARATION OF ELDAD COHEN**
**<u>PURSUANT TO USBC-EDNY LOCAL BANKRUPTCY RULE 1007-4</u>**

I, Eldad Cohen, make this declaration under 28 U.S.C. § 1746:

1. I am the general manager of ENY Equity, LLC ("ENY") (the "Debtor").

2. The purpose of this affidavit is to provide the information required by Local Bankruptcy Rule 1007-4.

3. ENY is the fee title owner of the real property and improvements located at 2801 East New York Avenue, Deland, FL 32724 (the "Property").

4. The Debtor formerly operated a hotel at the Property under the "Budget Hotel" banner. The hotel maintains 113 rooms and other public spaces for the entertainment of various hospitality businesses and social events, including a restaurant and pool.

5. Presently, the hotel is not operating. In 2021, the Property was cited by Volusia County (where Deland is situated) for a number of building code violations including issues with the pool fence, permitting, illegal occupancies, and other violations.

6. Volusia County eventually condemned the Property through a condemnation proceeding which the Debtor claims was unfair and improper. As a result of the condemnation of the Property by Volusia County, the Property has sat vacant for years and was scheduled for demolition.

7. The Debtor previously filed a chapter 11 case in this Court on July 7, 2023 to avail itself of the automatic stay, prevent demolition, and to engage in the process of obtaining necessary permits from Volusia County to remedy the cited building code violations against the Property.

8. During the first chapter 11 case, the Debtor engaged in the process of applying for the necessary building permits as a first step towards implementing the necessary renovations to the Property to meet safety standards that were found by Volusia County to be lacking and which led to the condemnation.

9. It is the Debtor's view that the permitting process was sabotaged with politically motivated obstacles which significantly delayed the ability of the Debtor to move forward with its rehabilitation of the Property. It is the Debtor belief that Volusia County erected numerous obstacles to prevent the Debtor from rehabilitating the Property because Volusia County is intent on demolishing the hotel.

10. The permitting process was prolonged to the extent that it resulted in the Bankruptcy Court's own motion to dismiss the first bankruptcy case. The Court's motion was

filed on November 17, 2025 and an order dismissing the first bankruptcy case was entered on December 22, 2025.

11. As a result of the dismissal of the first bankruptcy case, Volusia County has again targeted the Property for demolition. This case was commenced to reinstate the automatic stay, prevent the demolition of the Property, and to enable the Debtor to obtain the necessary permits that will enable the hotel to reopen.

12. The Debtor believes that it has the necessary plans to resubmit to the appropriate governmental boards and to obtain the necessary permits that will allow it to implement the Property's rehabilitation and reconstruction plan in accordance with the approvals obtained.

13. The Debtor has assembled a professional team based in or around Deland Florida to assist it in the permitting process including the retention of a structural engineer, architects, contractors, and local counsel.

**Information Required by Local Rule 1007-4**

14. Pursuant to Local Rule 1007-4(a)(i), ENY is a small business debtor within the meaning of Bankruptcy Code § 101(51D).

15. Pursuant to Local Rule 1007-4(a)(ii), the nature of the Debtor's businesses and a statement of the circumstances leading to the filing under chapter 11 is provided above.

16. Local Rule 1007-4(a)(iii) does not apply to the Debtor because this case was not originally commenced under chapter 7, 12 or 13.

17. Local Rule 1007-4(a)(iv) does not apply to the Debtor because no committee was organized prior to an order for relief in the chapter 11 case.

18. Pursuant to Local Rule 1007-4(a)(v), Schedule 1 hereto lists the following information with respect to each of the holders of ENY's 20 largest general unsecured claims,

excluding insiders: name, address (including the number, street, apartment or suite number, and zip code, if not included in the post office address), telephone number, name(s) of person(s) familiar with the Debtor's account, amount of the claim, and whether the claim is contingent, unliquidated, disputed, or partially secured.

19. Pursuant to Local Rule 1007-4(a)(vi), Schedule 2 hereto provides the following information with respect to each of the holders of ENY's 5 largest secured claims: name, address (including the number, street, apartment or suite number, and zip code, if not included in the post office address), amount of the claim, a description and an estimate of the value of the collateral securing the claim, and whether the claim or lien is disputed.

20. Pursuant to Local Rule 1007-4(a)(vii), the Debtor is presently unable to provide a summary of their (unaudited) assets and liabilities.

21. Pursuant to Local Rule 1007-4(a)(viii), Schedule 3 hereto provides the following information: the number and classes of shares of stock, debentures, or other securities of the Debtor that are publicly held, and the number of record holders thereof, listing separately those held by each of the officers and directors and the amounts so held.

22. Local Rule 1007-4(a)(ix) does not apply to the Debtor because none of the Debtor's property is in the possession or custody of any custodian, public officer, mortgagee, pledgee, assignee of rents, or secured creditor, or agent for any such entity.

23. Pursuant to Local Rule 1007-4(a)(x), Schedule 4 hereto provides a list of the premises owned, leased, or held under other arrangements from which the Debtor operates its business.

24. Pursuant to Local Rule 1007-4(a)(xi), Schedule 5 hereto provides the location of the Debtor's substantial assets, the location of its books and records, and the nature, location, and

value of any assets held by the Debtor outside the territorial limits of the United States.

25. Pursuant to Local Rule 1007-4(a)(xii), Schedule 6 hereto provides a list of the nature and present status of each action or proceeding, pending or threatened, against the Debtor or its property where a judgment against the Debtor or a seizure of its property may be imminent.

26. Pursuant to Local Rule 1007-4(a)(xiii), Schedule 7 hereto provides a list of the names of the individuals who comprise the Debtor's existing senior management, their tenure with the Debtor, and a brief summary of their relevant responsibilities and experience.

27. Pursuant to Local Rule 1007-4(a)(xiv), Schedule 8 hereto provides the estimated amount of weekly payroll to ENY's employees (exclusive of officers, directors, stockholders, and partners) for the 30-day period following the filing of the chapter 11 petition, and, pursuant to Local Rule 1007-4(a)(xv)(A), for the 30-day period following the filing of the chapter 11 petition, the amount paid and proposed to be paid for services for the 30-day period following the filing of the chapter 11 petition to officers and directors.

28. Pursuant to Local Rule 1007-4(a)(xvi), Schedule 9 hereto provides a schedule, for the 30-day period following the filing of the chapter 11 petition, of estimated cash receipts and disbursements, net cash gain or loss, obligations and receivables expected to accrue but remaining unpaid, other than professional fees, and any other information relevant to an understanding of the foregoing.

Dated: New York, New York
February 6, 2026

/s/ Eldad Cohen
ELDAD COHEN

## **Schedule 1**

**(20 Largest Unsecured Creditors)**

# (SEE ATTACHED SCHEDULE)

**Schedule 2**
**(5 Largest Secured Creditors)**

(SEE ATTACHED SCHEDULE)

**Schedule 3**
**(Equity Holders**

| Member | % of Membership |
| --- | --- |
| Kingr Holdings LLC | 100% |

**<u>Schedule 4</u>**
**<u>(Premises Owned/Leased)</u>**

2801 East New York Avenue, Deland, FL 32724

**<u>Schedule 5</u>**
**<u>(Location of Assets)</u>**

| | |
|---|---|
| Assets: | 2801 East New York Avenue, Deland, FL 32724 |
| Books-Records: | 120 Beach 3rd Street, Far Rockaway, New York 11691 |
| Assets located Outside of USA: | None |

**Schedule 6**
**(Litigations, Arbitrations, Administrative Proceedings)**

There are no pending litigations, arbitrations or administrative proceedings.

**<u>Schedule 7</u>**
**<u>(Debtor's Senior Management)</u>**

Manager: Eldad Cohen

**Schedule 8**
**(Payroll Information)**

No Payroll – Non-Operating Entity

**Schedule 9**
**(30-Day Income/Expenses**

**Income**

| | |
|---|---|
| Estimated 30-day cash receipts Room/hospitality: | $-0- |
| Estimated 30-day cash receipt (executory contracts): | $-0- |
| Total Cash Receipts | $-0- |

**Expenses**

| | |
|---|---|
| Mortgage | $4,200.00 |
| Electrical Service | $400.00 |